In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-26-00283-CR

IN RE REBEL HAYZ BREAUX

**Original Proceeding**
**163rd District Court of Orange County, Texas**
**Trial Cause No. 250302-C**

## MEMORANDUM OPINION

Relator Rebel Hayz Breaux seeks mandamus relief from an order that has been vacated in a criminal case in which he is currently represented by counsel. We deny mandamus relief and any request for temporary relief.

Breaux acknowledges that the trial court vacated the order, which held Breaux in contempt of court because during a session in Trial Cause Number 250302-C on July 9, 2026, Breaux did "continue[] to interrupt the Judge while he was speaking, continued to raise his voice, and used foul language, [and did] thereby interrupt the business of the court and impairing the respect due to its authority." Breaux asserts

1

his behavior in court was in some manner connected to the trial court's directive that Breaux remove "religious headwear" which caused Breaux to exhibit "predictable neurological symptoms[]" related to an old traumatic brain injury. According to Breaux, "The unconstitutional religious coercion that immediately preceded those behaviors was the proximate cause of the neurological episode the order describes." According to Breaux, "Habeas counsel's appointment confirms the feasibility of conducting proceedings without such violations."

Breaux argues that an ongoing risk exists that a demonstrated pattern of religious coercion at an unrepresented hearing followed immediately by a contempt finding for conduct consistent with a distress response creates a credible threat of recurrence that could chill constitutional rights. As Breaux acknowledges, however, the appointment of counsel in Trial Cause Number 250302-C interrupts the potential for a repetition of the cause and effect posited by the relator.

The relator has not shown that he has no adequate remedy at law and the act he seeks to compel is ministerial, involving no discretion. *In re State ex rel. Best*, 616 S.W.3d 594, 599 (Tex. Crim. App. 2021) (orig. proceeding). We deny the petition for a writ of mandamus and any requests for temporary relief. *See* Tex. R. App. P. 52.8(a), 52.10.

PETITION DENIED.

PER CURIAM

Submitted on July 28, 2026
Opinion Delivered July 29, 2026
Do Not Publish

Before Golemon, C.J., Wright and Chambers, JJ.

3